# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

REINA SUAREZ,  )
          )
        Plaintiff,  ) Case No. CV-S-03-1557-LDG (PAL)
          )
vs.  ) **ORDER**
          )
CALIFORNIA HOTEL & CASINO, etc., et al.,  ) (M/Protective Order - #21)
          )
        Defendants.  )

This matter is before the court on defendant's Motion for Protective Order (#21) filed April 19, 2005. Plaintiff filed a Response (#24) April 25, 2005.

In a prior Order (#20), following a hearing conducted April 8, 2005, at which counsel for the parties indicated an existing discovery dispute with respect to plaintiff's intention to notice a deposition of a former Nevada Equal Rights Commission investigator, Jose De Jesus, the undersigned set a briefing schedule to review this matter on an expedited basis. Following the hearing, the attorney general of the state of Nevada filed a Motion for Protective Order (#26) on May 2, 2005, on behalf of the Nevada Equal Rights Commission. A hearing was conducted on May 3, 2005, at 11:00 a.m. Thomas Moore appeared on behalf of the plaintiff, Salvatore Gugino appeared on behalf of the defendant, and David Newton appeared on behalf of the State of Nevada.

## BACKGROUND

The Complaint in this case was filed December 10, 2003 (#1) and is an action brought under Title VII, the Civil Rights Act of 1964, and the Civil Rights Act of 1991. Plaintiff alleges she was hired by Sam's Town on March 31, 1998, and that beginning in July 1998 through July 15, 2001, she was sexually harassed, subjected to a hostile work environment, and discriminated against on the basis of her gender. (Complaint, ¶¶ 8 and 10.) She alleges she reported the harassment and inappropriate



1  conduct to management who transferred her to a different work area but that management failed to take
2  appropriate remedial action to stop the harassment. (Id., ¶¶ 10 and 11.) Plaintiff also alleges she was
3  retaliated against in the terms and conditions of her employment after reporting the sexual harassment
4  to management. (Id., ¶ 12.) She seeks injunctive relief, compensatory and punitive damages, and costs
5  and attorney's fees incurred in bringing this action.

6  The current dispute involves plaintiff's notice of a deposition of Jose De Jesus, a former
7  compliance investigator at the Nevada Equal Rights Commission ("NERC") who investigated
8  plaintiff's claims and found no probable cause to support her allegations of discrimination. De Jesus
9  authored a pre-determination letter sent to plaintiff July 15, 2003, which contained a summary of the
10 major points on which he found no probable cause and gave plaintiff fifteen days to submit any
11 additional information in writing. Thereafter, he sent a determination letter dated July 31, 2003,
12 indicating that he had completed his investigation and found that the evidence submitted did not meet
13 the legal criteria for establishing that discriminatory acts occurred. Plaintiff appealed the decision of
14 NERC and requested reconsideration. On August 18, 2003, Linda Parven, an administrator for NERC,
15 wrote a second determination letter to the plaintiff, informing her that after a careful and in-depth
16 review of the case, she concurred with De Jesus' conclusion there was insufficient evidence to sustain
17 and substantiate her charge of discrimination. On September 12, 2003, the District Director for the U.S.
18 Equal Employment Opportunity Commission ("EEOC") sent a "Dismissal and Notice of Rights" letter
19 advising the plaintiff that the EEOC had adopted NERC's findings.

20 Counsel for plaintiff noticed the deposition of Mr. De Jesus to take place on May 20, 2005, at
21 10:00 a.m. after receiving his investigative report pursuant to a subpoena served on NERC
22 approximately one year ago. Defendant opposes the deposition from going forward, arguing the
23 information being sought is privileged under N.R.S. 233.190, and that none of the exceptions to
24 confidentiality under N.R.S. 233.190 apply to this case. Defendant's counsel argues that it is NERC's
25 policy to exclude confidential investigative reports from production in civil discovery, and that the
26 reports are subject to confidentiality under the statute. The affidavit of counsel for defendant is
27 attached as Exhibit "H" to the motion. In it, counsel represents that he has been advised by Susan Gray,
28 an administrator for NERC, that Mr. De Jesus does not have authority to waive the privilege for the

agency, and that the agency opposes the production of confidential investigative reports and notes or any effort by Mr. De Jesus to attempt to waive the privilege on behalf of NERC. (Gugino Affidavit, Exhibit "H", ¶ ¶ 4 and 6.)

Plaintiff responds that she received Mr. De Jesus' investigative report pursuant to a subpoena served on NERC, that defendant also subpoenaed the same investigative file, and that the investigative file is not subject to the confidentiality provisions of N.R.S. 233.190. Plaintiff argues that N.R.S. 233.190(4), the confidentiality provision relied upon by the defendant, does not apply to this action. Additionally, plaintiff points out that N.R.S. 233.190 was amended effective October 1, 2003, and only prohibits disclosure of investigative notes or reports made by the Commission. See N.R.S. 233.190(4)(b). Plaintiff states the parties obtained a March 6, 2003, memo authored by Mr. De Jesus which concluded there was a great deal of circumstantial evidence and direct information to conclude the plaintiff was "sexually and/or otherwise harassed." Plaintiff argues that defendant has cited no authority prohibiting the deposition of a NERC or EEOC investigator, and asserts that even if the investigative notes are confidential and inadmissible, De Jesus' testimony "should yield information leading to evidence and further discoverable information."

In its motion for protective order, the State of Nevada argues permitting the discovery would expose it to harmful disclosure of confidential information and annoyance, oppression, undue burden, and unnecessary expense. The State objects to the deposition "as it pertains to confidential information obtained by Mr. De Jesus in his official capacity as an employee of the Nevada Equal Rights Commission." (Motion for Protective Order, #26, p. 2.) The State asserts that disclosure of materials in the NERC investigation filed in this case "could lead to the disclosure of a confidential informant, or allow an unwarranted invasion of personal privacy." Citing N.R.S. 233.190 and Heyne v. Caruso, 69 F.3d 1475, 1483-84 (D. Nev. 1995), the State argues that investigative reports are confidential under N.R.S. 233.190 until NERC determines that it will conduct a hearing. The State concedes that plaintiff's counsel is entitled to documents filed by his client, but contends that matters contained in investigation reports are confidential, and intended to protect the Commission's mediation and settlement processes, and prevent acts of illegal retaliation against witnesses. Finally, the State's motion argues a protective order is required to protect attorney-client privilege communications that

3

1  Mr. De Jesus may have knowledge of in this case. The State asks that if the court allows Mr. De Jesus'
2  deposition, a protective order should enter precluding him from testifying regarding conversations or
3  correspondence he had with members of NERC's staff or the attorney general's office because the
4  holder of the privilege, NERC, does not consent to disclosure or waiver privilege "as it pertains to
5  confidential matters."

## DISCUSSION

Fed. R. Civ. P. 26(c) permits the court to issue a protective order when the parties seeking the order establishes "good cause" for the order and "justice requires [a protective order] to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . " The burden of persuasion under Fed. R. Civ. P. 26(c) is on the party seeking the protective order. Cipollone v. Ligget Group, Inc., 785 F.2d 1108, 1121 (3d Cir. 1986). In order to meet that burden of persuasion, the party seeking the protective order must show good cause by demonstrating a particular need for the protection sought. Id. Rule 26(c) requires more than "broad allegations of harm, unsubstantiated by specific examples or articulated reasoning." Id. The party seeking the order must point to specific facts that support the request, "as opposed to conclusory or speculative statements about the need for a protective order and the harm which will be suffered without one. Frideres v. Schilts, 150 F.R.D. 153, 156 (S.D. Iowa 1993), citing Brittain v. Stroh Brewing Company, 136 F.R.D. 408 (M.D.N.C. 1991). A mere showing that the discovery may involve some inconvenience or expense does not suffice to establish good cause under Rule 26(c). Turner Broadcasting System, Inc. v. Tracinda Corporation, 175 F.R.D. 554, 556 (D. Nev. 1997). As a general rule, courts will not grant protective orders that prohibit the taking of deposition testimony. See, Medlin v. Andrew, 113 F.R.D. 650 (M.D.N.C. 1987); Salter v. Upjohn Co., 593 F.2d 649 (5th Cir. 1979); In Re McCorhill Publishing, Inc., 91 B.R. 223 (Bankr. S.D.N.Y. 1988); 8 Wright and Miller Federal Practice and Procedure, § 2037 (1986 Supp.).

During oral argument, counsel for plaintiff represented that he obtained the March 6, 2003, memo authored by Mr. De Jesus and other documents approximately one year ago after serving NERC with a subpoena for the file in this matter. Counsel for defendant acknowledged that he also subpoenaed the NERC file in this case a number of months ago and obtained Mr. De Jesus' March 6, 2003, memo and other voluminous records. Notwithstanding that counsel for defendant received and

4

1 reviewed documents which, in his view, are confidential and should not have been disclosed pursuant
2 to the provisions of N.R.S. 233.190, he has not returned any documents he argues are privileged or
3 confidential to NERC. Counsel for defendant could not state whether NERC produced documents
4 covered by the attorney-client privilege in response to the subpoena he served.

5 Counsel for NERC advised the court that it was his understanding that a two-step process is
6 used to review subpoenas and respond to them to ensure that no privileged or confidential documents
7 are turned over in discovery. Counsel for the State did not know if that process was followed in this
8 case and was unable to state what documents were turned over to either of the parties in this case. He
9 argued that if any documents now asserted to be confidential and/or privileged were produced, the
10 production was inadvertent and the privilege should, therefore, be preserved.

11 Defendant argues that N.R.S. 233.190 creates a privilege prohibiting disclosure of confidential
12 investigative reports. N.R.S. 233.190(1) provides, "[E]xcept as otherwise provided in this section, any
13 information gathered by the Commission in the course of its investigation of an alleged unlawful
14 discriminatory fact . . . is confidential." However, subsection 3 provides:

> Except as otherwise provided in subsection 4, the Commission **shall
> disclose** information gathered pursuant to subsection 1 to the complainant
> and the party against whom the unlawful discriminatory practice is
> alleged if:
>
> (a) . . .
>
> (b) The Commission has determined to conduct a hearing . . . **or
> an action has been filed in court concerning the complaint.**

22 N.R.S. 233.190(3)(b) (emphasis added). Subsection 4(b) prohibits disclosures of "investigative notes
23 or reports made by the Commission."

24 Defendant argues the court should enter a protective order precluding the deposition of Mr. De
25 Jesus from going forward because either everything he has to say is privileged and confidential, or
26 nothing he has to say is admissible in evidence. Additionally, defendant argues that it would be
27 prejudiced if the court allows this deposition because NERC will oppose any defense efforts to
28 ///

1  subpoena supervisors of Mr. De Jesus to impeach testimony he is anticipated to offer which seems to
2  contradict his finding as the NERC investigator of no probable cause.

3  Fed. R. Civ. P. 26(b)(1) permits discovery regarding any matter, not privileged relevant to a
4  claim or defense, including the existence and location of documents, tangible items, and the identity
5  and location of persons having knowledge of any discoverable matter. "Relevant information need not
6  be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of
7  admissible evidence." Fed. R. Civ. P. 26(b)(1). The motion for protective order must be decided on the
8  basis of the scope of discovery permitted by the Rule, not whether Mr. De Jesus can offer any
9  admissible testimony at trial. However, the Ninth Circuit has held that some agency findings are
10 admissible.

11 In Plummer v. Western Int'l., Co., 656 F.2d 502, 504 (9th Cir. 1991), the Ninth Circuit held it
12 was reversible error for the district court to exclude an EEOC probable cause determination from a
13 Title VII trial. The Ninth Circuit has held that the probative nature of the EEOC probable cause
14 determination far outweighs the prejudicial effect it may have on a jury. Heyne v. Caruso, 69 F.3d
15 1475, 1483 (9th Cir. 1995). In Plummer, the Ninth Circuit recognized that "while prior administrative
16 determinations are not binding, they are admissible evidence." Plummer, 656 F.2d at 504. The Heyne
17 decision held "the Plummer ruling is not restricted solely to EEOC findings of probable cause but
18 extends to similar administrative determinations including NERC findings." Heyne, Id. Thus, the
19 Ninth Circuit held the district court committed reversible error by excluding the NERC finding of
20 probable cause from evidence.

21 In Beachy v. Boise Cascade Corp., 191 F.3d 1010, 1015 (9th Cir. 1999), the Ninth Circuit held,
22 that an agency's determination that insufficient facts exist to continue an
23 investigation is not *per se* admissible in the same manner as an agency's
24 determination of probable cause. Whereas the latter type of
25 determination indicates only that there is probable cause to believe a
26 violation has occurred, the former type of determination in effect
27 constitutes a finding of no probable cause and terminates the agency's
28 inquiry. In this sense, a determination of insufficient facts is a final ruling

6

by the agency. There is a much greater risk of unfair prejudice involved in introducing a final agency ruling as opposed to a probable cause determination, because a jury might find it difficult to evaluate independently evidence of discrimination after being informed of the investigating agency's final results. (Citations omitted). Accordingly, we have held that a district court asked to admit an agency's letter of violation must weigh the letter's prejudicial effect against its probative value pursuant to Rule 403. (Citation omitted). We conclude that the same rule should apply when a district court is asked to admit an agency's determination that insufficient facts exist to continue an investigation.

Beachy v. Boise Cascade Corp., 191 F.3d 1010, 1015

The NERC investigative notes and reports are clearly confidential and privileged pursuant to the provisions of N.R.S. 233.190(4)(b) unless the holder of the privilege, NERC, waived the privilege by producing them. It is undisputed that NERC has produced its investigative file in this case to counsel for both parties on two different occasions. Counsel for the State did not know what documents had been produced in discovery to both parties, and stated only that if the investigative notes and reports were turned over, their production was "inadvertent" and their confidential status should, therefore, be maintained.

The Ninth Circuit has held that it is reversible error to exclude an EEOC or NERC probable cause determination from evidence, and that the trial court must weigh the probative value of other findings by the agency against their prejudicial effect under Rule 403. Whether plaintiff can adduce admissible evidence from the deposition testimony of Mr. De Jesus, however, is not before the court. Rather, defendant and the State of Nevada seek to preclude the deposition from going forward at all. The court finds the defendant and the State of Nevada have not met their burden of establishing that justice requires a protective order to protect either the defendant or the State from annoyance, embarrassment, oppression, or undue burden or expense. The March 6, 2003, memo authored by Mr. De Jesus which was produced by NERC, concluded there was a great deal of circumstantial evidence and direct information that plaintiff was sexually and/or otherwise harassed. Accordingly, it is likely

Mr. De Jesus has information relevant to the plaintiff's claims or the defendant's defense, including the identity and location of persons having knowledge of any discoverable matter.

While N.R.S. 233.190(4)(b) creates a privilege against disclosure of certain categories of information, subsection 3(b) requires disclosure of other categories of information when an action has been filed in court. Thus, although the court finds the defendant and State of Nevada have not met their burden under Rule 26(c) to preclude the deposition of Mr. De Jesus from going forward, the court will enter a protective order precluding Mr. De Jesus from disclosing those matters which the statute deems confidential. The court will also prohibit Mr. De Jesus from disclosing any attorney-client privileged communications he may have had while employed by NERC, and allow counsel for the State to attend the deposition to assert and preserve the privilege. In denying the motion for protective order, the court expresses no opinion about whether Mr. De Jesus can offer any admissible evidence at the time of trial, as this is a decision better reserved for the trial judge after the record is fully developed.

Having reviewed and considered the matter, and for good cause shown,

**IT IS ORDERED** defendant's Motion for Protective Order (#21), and the State of Nevada's Motion for Protective Order (#26) are granted in part and denied in part.

1. The motions are GRANTED to the extent Mr. De Jesus may not disclose
   (a) information obtained during negotiations for settlement or attempts at mediating or conciliating the complaint;
   (b) investigative notes or reports made by the Commission;
   (c) information used to identify a person who provided information to the Commission who requested anonymity; or
   (d) Attorney-client privileged communications.
2. The motions are DENIED in all other respects.
3. Counsel for the NERC may attend the deposition to assert and preserve the attorney-client privilege.

Dated this 6th day of May, 2005.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

8