# ORIGINAL /



1  **GUGINO LAW FIRM, CHTD.**
   SALVATORE C. GUGINO, ESQ.
2  Nevada Bar No. 2268
   ALYSSA M. FISCHER, ESQ.
3  Nevada Bar. No. 5709
   6970 O'Bannon Drive, Bldg. 2
4  Las Vegas, Nevada 89117
   (702) 385-3801
5  Attorneys for Defendants
   *California Hotel and Casino dba Sam's Town*
6  *Hotel, Gambling Hall & Bowling Center*

7              UNITED STATES DISTRICT COURT

8                 DISTRICT OF NEVADA

9                     * * * * *

10 REINA IRIS SUAREZ, individually,        )   **CASE NO. : CV-S-03-1557-LDG-PAL**
                                           )
11              Plaintiff,                 )
                                           )
12     vs.                                 )
                                           )
13 CALIFORNIA HOTEL and CASINO dba         )
   SAM'S TOWN HOTEL, GAMBLING              )
14 HALL & BOWLING CENTER, ROE              )
   CORPORATIONS I-X, inclusive, DOES       )
15 I-X, inclusive,                         )
                                           )
16              Defendants.                )
                                           )
17

18  <u>***EMERGENCY* OBJECTION TO MAGISTRATE'S ORDER OF MAY 6, 2005**</u>

19         COMES NOW Defendant CALIFORNIA HOTEL and CASINO  dba SAM'S TOWN

20 HOTEL, GAMBLING HALL & BOWLING CENTER  (hereinafter "SAM'S TOWN"), *on an*

21 *emergency basis,* by and through its attorney of record, Salvatore C. Gugino, Esq., of  GUGINO

22 LAW FIRM, CHTD., and, pursuant to Local Rule IB 3-2 of the U.S. District Court Rules, hereby

23 objects to of the Order of U.S. Magistrate Leen dated May 6, 2005 ( #29, attached as Exhibit "A")

24 pertaining to the Motions For Protective Order brought by Defendant and the Nevada Equal Rights

25 Commission ("NERC") in reference to the proposed deposition of a former investigator of the

26 NERC, presently set for 10:00 a.m. on the 20th of May, 2005.

27         In support of said Objection, Defendant shows this Honorable Court the following:

28 ...

(sidebar) **GUGINO LAW FIRM, CHTD.**
6970 O'BANNON DR., BLDG 2
LAS VEGAS, NEVADA 89117
PHONE (702) 385-3801  FAX (702) 385-3015

31

1.     That Plaintiff REINA IRIS SUAREZ (hereinafter "SUAREZ") has noticed the deposition of Jose L. De Jesus, former Compliance Investigator II at the Nevada Equal Rights Commission for 10:00 a.m. on the 20th day of May, 2005;

2.     That it is believed that Plaintiff SUAREZ is taking said deposition with the understanding that Mr. De Jesus will testify to the *opposite* of the same "no probable cause" findings he signed on July 15, 2003 in a pre-determination letter and on May 13, 2003 in a determination letter on behalf of the Nevada Equal Rights Commission ("NERC"), in which Mr. De Jesus advised Ms. SUAREZ that: *"This evidence did not meet the legal criteria for establishing that discriminatory acts occurred..."*

3.     That the information being sought by Plaintiff, particularly any confidential investigative notes or reports made by Mr. De Jesus during the course of his investigation, are privileged from production pursuant to NRS 233.190, and are otherwise  inadmissible at the time of trial;

4.     That Mr. De Jesus, as a retired investigator of the NERC, does not have the authority to waive the privilege for the Agency under this statute by testifying about the contents of, or producing such confidential documents;

5.     That any potential *contrary* conclusions or opinions that Mr. De Jesus may make in deposition would be based in large part upon his confidential investigative reports and notes and would require him to breach the confidentiality requirements of the NERC and NRS 233.190, and may potentially subject him to criminal sanctions;

6.     That, in light of the above, Defendant SAM'S TOWN filed a Motion For Protective Order (#21) on April 19, 2005; and the Attorney General, on behalf of the NERC, filed a separate Motion For Protective Order (#26) on May 2, 2005;

7.     That the Magistrate's Order of May 6, 2005 is wrong both on the facts and the law;

8.     That the Magistrate has literally turned NRS 233.190 "on its head," by giving an interpretation of this confidentiality statute which would assure that virtually **_no_** documents would remain confidential;

...

GUGINO LAW FIRM, CHTD.
6970 O'BANNON DR., BLDG 2
LAS VEGAS, NEVADA 89117
PHONE (702) 385-3801  FAX (702) 385-3015

9. That, unless this Honorable Court reverses the aforementioned Order entered by the Magistrate in this matter, Defendant SAM'S TOWN will be severely prejudiced in its defense of this matter.

WHEREFORE, Defendant SAM'S TOWN prays this Honorable Court enter an Order reversing the May 6, 2005 Order of the Magistrate, and otherwise entering a Protective Order, preventing the deposition of Jose L. De Jesus, Compliance Investigator II, Nevada Equal Rights Commission, presently scheduled for 10:00 a.m. on the 20th of May, 2005, from going forward.

DATED this _16th_ day of May, 2005.

GUGINO LAW FIRM, CHTD.

By: _____

SALVATORE C. GUGINO, ESQ.
Nevada Bar No. 2268
ALYSSA M. FISCHER, ESQ.
Nevada Bar No. 5709
6970 O'Bannon Drive, Bldg. 2
Las Vegas, Nevada 89117
(702) 385-3801
Attorneys for Defendants
*California Hotel and Casino dba Sam's Town Hotel, Gambling Hall & Bowling Center*

GUGINO LAW FIRM, CHTD.
6970 O'BANNON DR., BLDG 2
LAS VEGAS, NEVADA 89117
PHONE (702) 385-3801  FAX (702) 385-3015

**POINTS & AUTHORITIES**

I.

**STATEMENT OF THE FACTS**

This matter involves a lawsuit brought by Plaintiff REINA SUAREZ for sexual harassment allegedly arising out of her employment  from March 31, 1998 through July 15, 2001 as a preparation cook at SAM'S TOWN.

According to her former Employer, and both the NERC and the EEOC, Ms. SUAREZ has been unable to sufficiently corroborate her numerous allegations of harassment.  Plaintiff has now turned to Jose De Jesus, a former investigator for the NERC, in the hope that his hearsay testimony will be able to "carry the day" for her, in the absence of actual witness testimony.  Mr. De Jesus has apparently advised the Plaintiff and her counsel that he intends to testify to the exact *opposite* of his pre-determination letter, which he signed on behalf of the NERC.

**STATEMENT OF THE CASE**

On July 15, 2003, Jose De Jesus, then Compliance Investigator II for the Nevada Equal Rights Commission, sent a "pre-determination" letter to Ms. SUAREZ, advising her that: *"after a thorough review of all of the information presented, your allegations of discrimination cannot be substantiated."* (Exhibit "B").

In making his "no probable cause" recommendation, Mr. De Jesus stated in part as follows:

> **The Respondent has provided the Commission with various witness statements that deny the comments you alleged in the charge were made, disputing your allegations.  Only a few of the comments could be corroborated.  This means there has been no evidence provided to the Commission to show that you were subjected to severe and pervasive comments therefore creating a hostile work environment.**

(Exhibit "B" at page 2).

Mr. De Jesus also made the following statements:

> **When you complained of the harassment, an investigation was conducted and in several instances, misconduct was found and the employees were disciplined. The Respondent took measures to educate its employees about such behavior and repeatedly told employees such conduct would not be tolerated.  The respondent also provided several postings concerning sexual harassment that were placed in the workplace in both English and Spanish.**

GUGINO LAW FIRM, CHTD.
6970 O'BANNON DR., BLDG 2
LAS VEGAS, NEVADA 89117
PHONE (702) 385-3801  FAX (702) 385-3015

- 4 -

**In addition, the Respondent also found a restaurant for you to transfer. It had a comparable position to the position you currently held, but you stated to Ms. Cunningham and Cindy Akino that you "were not going to move any place else". That you would "just quit". You would have had seniority in this new position, to bump other workers and advance, but you chose to "quit" instead.**

(Exhibit "B" at page 3).

Among the final comments made by Mr. De Jesus is this very important observation:

**While you alleged that the harassment continued despite these measures, _you were unable to provide any corroboration for these allegations_. Instead, however, the Respondent has provided numerous statements from coworkers denying any such harassment.**

(Exhibit "B" at page 4).

At the end of the pre-determination letter, Mr. De Jesus gave Ms. SUAREZ *"fifteen (15) calendar days from the date of this letter to submit in writing any additional information"* for the NERC to consider. (Exhibit "B" at page 5).

On July 31, 2003, Mr. De Jesus wrote a determination letter, in which he stated as follows:

**The Nevada Equal Rights Commission has completed the investigation of your complaint. The Commission carefully reviewed and analyzed the evidence you submitted, evidence from the employer, and evidence obtained by independent investigation. *This evidence did not meet the legal criteria for establishing that discriminatory acts occurred and we have, therefore, closed the case.***

(Exhibit "C").

On August 7, 2003, Ms. SUAREZ appealed the decision of the NERC, and requested reconsideration from the agency. (Exhibit "D"). On August 18, 2003, Linda Parven, then Administrator for the NERC wrote a second determination letter to Ms. SUAREZ in which she informed the claimant that:

**The Nevada Equal Rights Commission (NERC) is in receipt of your petition for reconsideration dated August 7, 2003 (pursuant to NAC 233.090). Your NERC file was forwarded to me for review. _A careful and in-depth review of the case file was conducted and all relevant material considered_.**

**This is to inform you that I concur with the Compliance Investigator's conclusion that there is _insufficient evidence_ to sustain and substantiate your charge of discrimination in your case(s). For your information, your entire case file will be forwarded to the federal Equal Employment Opportunity Commission (EEOC), Los Angeles District Office, for their review.**

(Exhibit "E").

GUGINO LAW FIRM, CHTD.
6970 O'BANNON DR., BLDG 2
LAS VEGAS, NEVADA 89117
PHONE (702) 385-3801   FAX (702) 385-3015

**GUGINO LAW FIRM, CHTD.**
6970 O'BANNON DR., BLDG 2
LAS VEGAS, NEVADA 89117
PHONE (702) 385-3801   FAX (702) 385-3015

1    On September 12, 2003, Oliphius E. Perry, District Director for the U.S. Equal Employment

2   Opportunity Commission sent a "**Dismissal And Notice Of Rights**" letter to Ms. SUAREZ, which

3   stated that the EEOC was closing its file on this charge for the following reason: "***The EEOC has***

4   ***adopted the findings of the state or local fair employment practices agency that investigated this***

5   ***charge.***" (Exhibit "F").

6    At her deposition on April 6, 2005, Ms. SUAREZ was asked the following questions:

7   Q:    So now I am going to ask you the question again.  Do you have any evidence,
      corroborating evidence, that would support your case?

8

9   A:    My statements.

   Q:    Your own statements.

10

11  A:    The statement I give to Sheree Cunningham and general manager complaining with
      supervisors.  It's not enough?

12  Q:    Those are all statements from you.  I'm talking about is there anything else besides
      your own statements that would support all of the allegations that you've made in
13     this lawsuit?

14  A:    I do not remember at this time.

15  (Deposition of REINA SUAREZ, Exhibit "G", pages 123, 124)

16    During the course of the instant lawsuit, the undersigned counsel has been advised by

17  Plaintiff's counsel, Thomas J. Moore, Esq., that Jose De Jesus (now retired from the NERC) would

18  give testimony contrary to the "no probable cause" pre-determination and determination letters

19  which he previously signed on behalf of the NERC and sent to Ms. SUAREZ!  Mr. Moore further

20  advised that Mr. De Jesus would be expected to testify regarding his investigative notes and reports

21  which Mr. De Jesus gathered while still employed as an investigator for the NERC.  (See Affidavit

22  of Salvatore C. Gugino, Esq., attached as Exhibit "H").

23    It became apparent that the Plaintiff, having failed to produce any corroborating witnesses

24  to all of her charges, was going to rely upon Mr. De Jesus to prove up her case, by means of his

25  personal comments and conclusions, innuendo, hearsay, and by use of his investigatory notes and

26  records.   Such records are confidential and should not be produced, nor commented upon by Mr.

27  De Jesus.

28  ...

1    In reliance upon the confidentiality statute, NRS 233.190, Defendant SAM'S TOWN filed

2 a Motion for Protective Order (#21) on April 19, 2005, seeking to prevent Mr. De Jesus from

3 testifying about his confidential investigative information, gathered on behalf of the NERC.  On

4 May 2, 2005, the NERC, through the Attorney General, also filed a Motion For Protective Order

5 (#26).

6    Both Motions For Protective Order were heard before U.S. Magistrate Peggy A. Leen on

7 May 3, 2005.  Her Order (#29) followed on May 6, 2005.  Incredibly, Magistrate Leen directed that

8 the deposition be allowed to go forward.  Even worse, she offered an interpretation of NRS 233.190

9 which would turn most confidential investigative documents into discoverable records.  For the

10 reasons stated below, this Honorable Court should reverse the decision of the Magistrate, and enter

11 a Protective Order preventing Mr. De Jesus from testifying at deposition, particularly with regard

12 to his comments and conclusions regarding his confidential investigative materials.

13                                          **III.**

14          **THE MAGISTRATE HAS COMPLETELY MISINTERPRETED NRS 233.190**

15    It is respectfully submitted that the Magistrate engaged in a mistaken interpretation of NRS

16 233.190 which defies the rules of statutory construction.  It is also completely contrary to the

17 understanding the Nevada Equal Rights Commission has had about its own confidentiality statute

18 for the last 27 years.

19    As pointed out in *Regions Hospital v. Shalala,* 522 U.S. 448, 118 S.Ct. 909, 139 L.Ed.2d 895

20 (1998):

21    Under the formulation now familiar, when we examine the Secretary's rule
     interpreting a statute, we ask first whether "the intent of Congress is clear" as to "the
22   precise question at issue." *Chevron U.S.A. Inc. v. Natural Resources Defense
     Council, Inc.,* 467 U.S. 837, 842, 104 S.Ct. 2778, 2781, 81 L.Ed.2d 694 (1984).  **If,
23   by "employing traditional tools of statutory construction,"** *Id.,* **at 843, n.9, 104
     S.Ct. At 2781, n.9, we determine that Congress' intent is clear, "that is the end
24   of the matter,"** *Id.,* **at 842, 104 S.Ct., at 2781.  But "if the statute is silent or
     ambiguous with respect to the specific issue, the question for the court is
25   whether the agency's answer is based upon a permissible construction of the
     statute."** *Id.,* at 843, 104 S.Ct., at 2782.  If the agency's reading fills a gap or defines
26   a term in a reasonable way in light of the Legislature's design, **we give that reading
     controlling weight,** even if it is not the answer "the court would have reached if the
27   question initially had risen in a judicial proceeding."

28 *Regions Hospital v. Shalala,* 522 U.S. 448 at 457; 118 S.Ct. 909 at 915.

GUGINO LAW FIRM, CHTD.
6970 O'BANNON DR., BLDG 2
LAS VEGAS, NEVADA 89117
PHONE (702) 385-3801   FAX (702) 385-3015

- 7 -

The Nevada Supreme Court has made it clear that, when the words of the statute have a definite and ordinary meaning, this court will not look beyond **the "plain meaning" of the statute**, unless it is clear that this meaning was not intended. *State v. Quinn*, 117 Nev. 709, 713, 30 P.3d 1117, 1120 (2001). However, if a statute is "ambiguous," the plain meaning rule of statutory construction is inapplicable, and **the "drafter's intent"** becomes the controlling factor in statutory construction. *Harvey v. District Court*, 117 Nev. 752, 770, 32 P.3d 1263, 1274 (2001). Additionally, the Nevada Supreme Court construes statutes to **give meaning to all of their parts and language**, and the Court will **read each sentence, phrase, and word to render it meaningful within the context of the purpose of the legislation**. *Coast Hotels v. State Labor Comm'n*, 117 Nev. 835, 841, 34 P.3d 546, 550 (2001). Further, **no part of a statute should be rendered meaningless, and its language should not be read to produce absurd or unreasonable results**. *Banegas v. SIIS*, 117 Nev. 222, 225, 19 P.3d 245, 247 (2001); and *Glover v. Concerned Citizens For Fuji Park*, 118 Nev. 488, 50 P.3d 546 at 548 (2002).

## A.   NRS 233.190, When Read In Its Entirety, Does Not Support The Magistrate's Interpretation

It is respectfully submitted that the Magistrate reached her wrongful interpretation of the statute by selecting phrases "out of context" and "out of sequence" as they appear in the statute. The statute, in its entirety, reads as follows:

1.    *Except as otherwise provided in this section*, **any information** gathered by the Commission in the course of its investigation of an alleged unlawful discriminatory practice in housing, employment or public accommodations **is confidential**.

2.    The Commission may disclose information gathered pursuant to subsection 1 to:

    (a)    Any governmental entity as appropriate or necessary to carry out its duties pursuant to this chapter; or

    (b)    To any other person if the information is provided in a manner which does not include any information that may be used to identify the complainant, the party against whom the unlawful discriminatory practice is alleged or any person who provided information to the Commission during the investigation.

3.    *Except as otherwise provided in subsection 4*, the Commission shall disclose information gathered pursuant to subsection 1 to the complainant, and the party against whom the unlawful discriminatory practice is alleged if:

GUGINO LAW FIRM, CHTD.
6970 O'BANNON DR., BLDG 2
LAS VEGAS, NEVADA 89117
PHONE (702) 385-3801   FAX (702) 385-3015

(a)     Each has consented to such disclosure; or

(b)     The Commission has determined to conduct a hearing on the matter or apply for a temporary restraining order or an injunction *or an action has been filed in court concerning the complaint.*

4.     **The Commission may <u>not</u> disclose to the complainant or the party against whom the unlawful discriminatory practice is alleged:**

(a)     <u>**Any**</u> **information obtained during the negotiations for a settlement or attempts at mediating or conciliating the complaint.**

(b)     <u>***Any investigative notes or reports made by the Commission.***</u>

(c)     <u>**Any**</u> **information that may be used to identify a person who provided information to the Commission for during the investigation and who has requested anonymity.**

5.     Except as otherwise provided in this section, if the Commission's attempts at mediating or conciliating the cause of the grievance succeed, the information gathered pursuant to subsection 1 must remain confidential.

6.     ***If the Commission proceeds with a hearing or applies for injunctive relief,* confidentiality concerning any information, except negotiations for a settlement or attempts at mediating or conciliating the cause of the grievance, is no longer required.**

The Magistrate failed to take into account, not only the sequence of the above paragraphs, but also their introductory, conditional phrases, such as "***Except as otherwise provided in subsection 4...***" and "***Except as otherwise provided in this section...***"

**B.     <u>The Magistrate Has Prepared An Order Which Improperly Broadens The Information Which The NERC Is Allowed To Produce</u>**

In her May 6, 2005 Order, the Magistrate appears to downplay the amount of information from the NERC which is confidential while simultaneously broadening the scope of discoverable materials from said Agency. On page 4, lines 3-5, of her Order she states that,

While N.R.S. 233.190(4)(b) creates a privilege against disclosure of certain categories of information, subsection 3(b) requires disclosure of other categories of information when an action has been filed in court.

This statement of the Magistrate is misleading for a number of reasons, not the least of which is the fact that subsection 4 should be read and construed in its entirety by the Court. Subsection 4 of the NRS 233.190 specifically bars the production of: (a) <u>*Any*</u> information obtained during the negotiations for a settlement or attempts at mediating or conciliating the complaint; (b) <u>Any investigative notes or reports made by the Commission</u>; and (c) <u>Any</u> information that may be used

GUGINO LAW FIRM, CHTD.
6970 O'BANNON DR., BLDG 2
LAS VEGAS, NEVADA 89117
PHONE (702) 385-3801   FAX (702) 385-3015

to identify a person who provided information to the Commission for during the investigation and who has requested anonymity.

The phrase "*Any investigative notes or reports made by the Commission*" is very plain language, and would obviously include any investigative notes or reports made by Mr. De Jesus while he was acting as the Investigator on behalf of the Commission.

## C.   It Would Be Contrary To The Stated Purpose of NRS 233.190 To Allow Deposition Testimony By Mr. De Jesus On His Investigative Notes, Reports Or Memoranda

The Magistrate's Order is extremely vague regarding whether Mr. De Jesus may testify about the investigative notes, reports and/or memoranda he prepared for the Commission as its investigator. It is respectfully submitted that the inadvertent production of the March 6, 2003 internal memorandum should not make said document "admissible," nor should Mr. De Jesus be allowed to testify about it, or about any of his other investigative notes, reports or other memoranda.

As pointed out in *Bagley v. TRW, Inc.*, 204 F.R.D. 170 (C.D. Cal. 2001), the "privilege" protects both disclosure *and* its use:

> **The privilege protects against both disclosure and use. Preventing the latter is sufficient to promote at least one of the purposes of the privilege...As one commentator has explained:**
>
> > **It is true that confidentiality can never be restored to a communication that has been disclosed...But the damage need not extend to the litigation at hand...*For all practical purposes, a court can repair the damage done by disclosure of a confidential document by preventing the use of that document at trial. Indeed, recipients of disclosed materials can be prohibited even from basing questions on them.***

*Bagley v. TRW, Inc.*, 204 F.R.D. 170 at 184.

At hearing before the Magistrate, the Attorney General's Office advised that the production of this March 6, 2003 document was inadvertent at best. The documentation produced in this case was voluminous, and such an inadvertent production is understandable.

Such an inadvertent production under these circumstances should not waive the entire prohibition under the confidentiality statute, NRS 233.190, which bars Mr. De Jesus from producing or testifying to any confidential investigatory notes, documents and memoranda he prepared for the Commission while acting as its Investigator. *Bagley v. TRW, Inc., supra.*

GUGINO LAW FIRM, CHTD.
6970 O'BANNON DR., BLDG 2
LAS VEGAS, NEVADA 89117
PHONE (702) 385-3801   FAX (702) 385-3015

- 10 -

**GUGINO LAW FIRM, CHTD.**
6970 O'BANNON DR., BLDG 2
LAS VEGAS, NEVADA 89117
PHONE (702) 385-3801  FAX (702) 385-3015

1.   **Fed.R.Civ.P. 26(b)(1) does not permit discovery of "privileged" documents.**

On page 6, lines 3-10, the Magistrate cites Fed.R.Civ.P. 26(b)(1) in the process of her opinion that even "inadmissible" information may be relevant. However, the Magistrate appears to have ignored the import of her own comment that: *"Fed. R. Civ. P. 26(b)(1) permits the discovery of any matter, **not privileged...**"*

It is respectfully submitted that NRS 233.190(4)(b) makes it clear that the internal investigation by the NERC of Ms. SUAREZ' charge is subject to a privilege of confidentiality:

> 4.   **The Commission may not disclose to the complainant or the party against whom the unlawful discriminatory practice is alleged:**
>
> (a)   **Any information obtained during the negotiations for a settlement or attempts at mediating or conciliating the complaint.**
>
> (b)   ***Any investigative notes or reports made by the Commission.***
>
> (c)   **Any information that may be used to identify a person who provided information to the Commission for during the investigation and who has requested anonymity.**

Based upon the above, *and  Rule 26(b)(1)*, Mr. De Jesus should not be allowed to testify about the notes and reports he made for the NERC, including the inadvertently-produced memoranda of March 6, 2003.

IV.

**THE MAGISTRATE CANNOT ADMIT A PRIVILEGED DOCUMENT**
**BASED UPON THE ADMISSIBILITY OF ANOTHER KIND OF DOCUMENT**

On page 6, lines 9-10 of the Order, the Magistrate observes that, *"the Ninth Circuit has held that **some** agency findings are admissible."*

Unfortunately, the cases cited by the Magistrate each involve the admissibility of "probable cause determinations" issued by the Commission which are formally sent to the parties at the close of the Commission's investigation. See *Plummer v. Western Int'l., Co.,* 656 F.2d 502, 504 (9th Cir. 1991); and *Beachy v. Boise Cascade Corp.,* 191 F.3d 1010, 1015 (9th Cir. 1999).

The "pre-determination letters" sent to the parties at the end of this case by both the NERC and the EEOC both supported findings of **"no probable cause"** (see Exhibits "B", "C", "E" and "F").

1    While "probable cause" letters are admissible, and while "**no** probable cause" letters *may*

2    be admissible, there is absolutely **NO** case law which would support the admissibility of the March

3    6, 2003 memoranda authored by Mr. De Jesus.

4    The use of an internal investigative report is entirely another thing.  As pointed out in *Smith*

5    *v. Massachusetts Institute of Technology,* 877 F.2d 1106 (1ˢᵗ Cir. 1989):

> **Generally, the courts of appeals are in agreement that it is not error to exclude**
> **the investigator file of the EEOC in order to insure a fair and independent**
> **determination of the facts by the court.  As one court has noted, *the EEOC file***
> ***is a "mish-mash of self-serving and hearsay statements and records;...justice***
> **requires that the testimony of the witnesses be given in open court, under oath**
> **and subject to cross-examination.** *Gillin v. Federal Paper Board Co.,* 479 F.2d 97,
> 99 (2ⁿᵈ Cir. 1973).

10   **1.    The Magistrate cannot make a 4(b) privileged document admissible by**
     **classifying it as a 3(b) "other" record.**

12   On page 8, lines 3-5, of her Order, the Magistrate notes that , "*While N.R.S. 233.190(4)(b)*

13   *creates a privilege against disclosure of certain categories of information, subsection 3(b) requires*

14   *disclosure of other categories of information when an action has been filed in court."*

15   It has already been shown, supra, that the March 6, 2003 memoranda (as well as all other

16   investigative notes and memoranda) are privileged under subsection 4(b) of the statute.  Subsection

17   3(b) is prefaced with the following conditional language: "***Except as otherwise provided in***

18   ***subsection 4,*** *the Commission shall disclose information gathered pursuant to subsection 1 to the*

19   *complainant...*"

20   Since subsection 4(b) attaches the confidentiality privilege to the document, and since

21   subsection 3(b) is made "***subject***" to subsection 4(b), the March 6, 2003 cannot be classified as an

22   "other" type of document to be produced if the matter is taken to court.

**V.**

23   **MR. DE JESUS MAY BE SUBJECT TO OTHER PENALTIES**
24   **IF HE TESTIFIES AS TO HIS CONFIDENTIAL INVESTIGATION**

25   If Mr. De Jesus discloses confidential information obtained during his employment with the

26   NERC (a state agency performing work under contract with the EEOC) he may be subject to

27   criminal penalties under 29 CFR § 1611.12.  *Bettye Jean Smith v. Gulf Oil Corporation,* 1977 WL

28   81 (S.D. Tex. 1977), 30 Fair Empl.Prac.Cas. (BNA 591, 17 Empl. Prac.Dec. P8469.

GUGINO LAW FIRM, CHTD.
6970 O'BANNON DR., BLDG 2
LAS VEGAS, NEVADA 89117
PHONE (702) 385-3801  FAX (702) 385-3015

By requiring him to respond to the subpoena of the Plaintiff and to answer Plaintiff's questions about privileged documents and his confidential investigation, Plaintiff may be placing Mr. De Jesus in the unenviable position of later being subject to criminal sanctions.  The Court should act immediately to prevent Mr. De Jesus from having to face this "Hobbesian choice."

## VI.

## CONCLUSION

Mr. De Jesus should not be deposed.  His NERC investigator's notes and investigative reports are confidential and privileged from production. NRS 233.190(4)(b).  If he is allowed to testify about the content of confidential and privileged documents, and to otherwise pontificate about his opinions and conclusions concerning his confidential investigation, the privilege will essentially be destroyed.

It is not known how the Plaintiff obtained the confidential information.  Even if it was inadvertently produced by the NERC, the error should not be compounded any further.  The Court should "remedy" the situation by barring the admission of this March 6, 2003 memorandum, and by barring Mr. De Jesus from offering his testimony at the May 20, 2005 deposition.

WHEREFORE, Defendant SAM'S TOWN prays this Honorable Court enter an Order reversing the May 6, 2005 Order of the Magistrate, and otherwise entering a Protective Order, preventing the deposition of Jose L. De Jesus, Compliance Investigator II, Nevada Equal Rights Commission, presently scheduled for 10:00 a.m. on the 20th of May, 2005, from going forward.

DATED this _16th_ day of May, 2005.

GUGINO LAW FIRM, CHTD.

By: _[signature]_
**SALVATORE C. GUGINO, ESQ.**
Nevada Bar No. 2268
**ALYSSA M. FISCHER, ESQ.**
Nevada Bar No. 5709
6970 O'Bannon Drive, Bldg. 2
Las Vegas, Nevada 89117
(702) 385-3801
Attorneys for Defendants
*California Hotel and Casino dba Sam's Town Hotel, Gambling Hall & Bowling Center*

**GUGINO LAW FIRM, CHTD.**
6970 O'BANNON DR., BLDG 2
LAS VEGAS, NEVADA 89117
PHONE (702) 385-3801   FAX (702) 385-3015

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**RECEIPT OF COPY**

RECEIPT OF A COPY of the foregoing *Emergency* **Objection To Magistrate's Order Of**

**May 6, 2005**  is hereby acknowledged this 16th day of May, 2004:

T.J. MOORE, LTD.

BRIAN SANDOVAL
Attorney General

By: _____
THOMAS J. MOORE ESQ.
Nevada Bar No. 1309
830 E. Charleston Blvd.
Las Vegas, Nevada 89104
Attorney for Plaintiff

By: _____
DAVID W. NEWTON, ESQ.
Deputy Attorney General
Nevada Bar No. 7834
555 E. Washington Avenue, Ste. 3900
Las Vegas, Nevada 89101
Attorney for Nevada Equal Rights
Commission

H:\Boyd\Suarez, Reina -SCG\Pleadings\USDC\05-0516.emergency objection to magistrate's order.wpd

**GUGINO LAW FIRM, CHTD.**
6970 O'BANNON DR., BLDG 2
LAS VEGAS, NEVADA 89117
PHONE (702) 385-3801   FAX (702) 385-3015

- 14 -

Recycled   Stock # EXA-10-B

Stock # EXA-10-B   Recycled

Legal Tabs Co. 1-800-322-3022

Recycled   Stock # EXA-1-5-0

Legal Tabs Co. 1-800-322-3022

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

REINA SUAREZ,                          )
                                       )
                    Plaintiff,         )      Case No. CV-S-03-1557-LDG (PAL)
                                       )
vs.                                    )              **ORDER**
                                       )
CALIFORNIA HOTEL & CASINO, etc., et al., )      (M/Protective Order - #21)
                                       )
                    Defendants.        )
_____)

This matter is before the court on defendant's Motion for Protective Order (#21) filed April 19, 2005. Plaintiff filed a Response (#24) April 25, 2005.

In a prior Order (#20), following a hearing conducted April 8, 2005, at which counsel for the parties indicated an existing discovery dispute with respect to plaintiff's intention to notice a deposition of a former Nevada Equal Rights Commission investigator, Jose De Jesus, the undersigned set a briefing schedule to review this matter on an expedited basis. Following the hearing, the attorney general of the state of Nevada filed a Motion for Protective Order (#26) on May 2, 2005, on behalf of the Nevada Equal Rights Commission. A hearing was conducted on May 3, 2005, at 11:00 a.m. Thomas Moore appeared on behalf of the plaintiff, Salvatore Gugino appeared on behalf of the defendant, and David Newton appeared on behalf of the State of Nevada.

**BACKGROUND**

The Complaint in this case was filed December 10, 2003 (#1) and is an action brought under Title VII, the Civil Rights Act of 1964, and the Civil Rights Act of 1991. Plaintiff alleges she was hired by Sam's Town on March 31, 1998, and that beginning in July 1998 through July 15, 2001, she was sexually harassed, subjected to a hostile work environment, and discriminated against on the basis of her gender. (Complaint, ¶¶ 8 and 10.) She alleges she reported the harassment and inappropriate



1  conduct to management who transferred her to a different work area but that management failed to take

2  appropriate remedial action to stop the harassment. (Id., ¶¶ 10 and 11.) Plaintiff also alleges she was

3  retaliated against in the terms and conditions of her employment after reporting the sexual harassment

4  to management. (Id., ¶ 12.) She seeks injunctive relief, compensatory and punitive damages, and costs

5  and attorney's fees incurred in bringing this action.

6         The current dispute involves plaintiff's notice of a deposition of Jose De Jesus, a former

7  compliance investigator at the Nevada Equal Rights Commission ("NERC") who investigated

8  plaintiff's claims and found no probable cause to support her allegations of discrimination.  De Jesus

9  authored a pre-determination letter sent to plaintiff July 15, 2003, which contained a summary of the

10  major points on which he found no probable cause and gave plaintiff fifteen days to submit any

11  additional information in writing.  Thereafter, he sent a determination letter dated July 31, 2003,

12  indicating that he had completed his investigation and found that the evidence submitted did not meet

13  the legal criteria for establishing that discriminatory acts occurred.  Plaintiff appealed the decision of

14  NERC and requested reconsideration.  On August 18, 2003, Linda Parven, an administrator for NERC,

15  wrote a second determination letter to the plaintiff, informing her that after a careful and in-depth

16  review of the case, she concurred with De Jesus' conclusion there was insufficient evidence to sustain

17  and substantiate her charge of discrimination.  On September 12, 2003, the District Director for the U.S.

18  Equal Employment Opportunity Commission ("EEOC") sent a "Dismissal and Notice of Rights" letter

19  advising the plaintiff that the EEOC had adopted NERC's findings.

20         Counsel for plaintiff noticed the deposition of Mr. De Jesus to take place on May 20, 2005, at

21  10:00 a.m. after receiving his investigative report pursuant to a subpoena served on NERC

22  approximately one year ago.  Defendant opposes the deposition from going forward, arguing the

23  information being sought is privileged under N.R.S. 233.190, and that none of the exceptions to

24  confidentiality under N.R.S. 233.190 apply to this case.  Defendant's counsel argues that it is NERC's

25  policy to exclude confidential investigative reports from production in civil discovery, and that the

26  reports are subject to confidentiality under the statute.  The affidavit of counsel for defendant is

27  attached as Exhibit "H" to the motion.  In it, counsel represents that he has been advised by Susan Gray,

28  an administrator for NERC, that Mr. De Jesus does not have authority to waive the privilege for the

1  | agency, and that the agency opposes the production of confidential investigative reports and notes or
2  | any effort by Mr. De Jesus to attempt to waive the privilege on behalf of NERC. (Gugino Affidavit,
3  | Exhibit "H", ¶ ¶ 4 and 6.)

4  | Plaintiff responds that she received Mr. De Jesus' investigative report pursuant to a subpoena
5  | served on NERC, that defendant also subpoenaed the same investigative file, and that the investigative
6  | file is not subject to the confidentiality provisions of N.R.S. 233.190. Plaintiff argues that N.R.S.
7  | 233.190(4), the confidentiality provision relied upon by the defendant, does not apply to this action.
8  | Additionally, plaintiff points out that N.R.S. 233.190 was amended effective October 1, 2003, and only
9  | prohibits disclosure of investigative notes or reports made by the Commission. See N.R.S.
10 | 233.190(4)(b). Plaintiff states the parties obtained a March 6, 2003, memo authored by Mr. De Jesus
11 | which concluded there was a great deal of circumstantial evidence and direct information to conclude
12 | the plaintiff was "sexually and/or otherwise harassed." Plaintiff argues that defendant has cited no
13 | authority prohibiting the deposition of a NERC or EEOC investigator, and asserts that even if the
14 | investigative notes are confidential and inadmissible, De Jesus' testimony "should yield information
15 | leading to evidence and further discoverable information."

16 | In its motion for protective order, the State of Nevada argues permitting the discovery would
17 | expose it to harmful disclosure of confidential information and annoyance, oppression, undue burden,
18 | and unnecessary expense. The State objects to the deposition "as it pertains to confidential information
19 | obtained by Mr. De Jesus in his official capacity as an employee of the Nevada Equal Rights
20 | Commission." (Motion for Protective Order, #26, p. 2.) The State asserts that disclosure of materials
21 | in the NERC investigation filed in this case "could lead to the disclosure of a confidential informant, or
22 | allow an unwarranted invasion of personal privacy." Citing N.R.S. 233.190 and Heyne v. Caruso,
23 | 69 F.3d 1475, 1483-84 (D. Nev. 1995), the State argues that investigative reports are confidential under
24 | N.R.S. 233.190 until NERC determines that it will conduct a hearing. The State concedes that
25 | plaintiff's counsel is entitled to documents filed by his client, but contends that matters contained in
26 | investigation reports are confidential, and intended to protect the Commission's mediation and
27 | settlement processes, and prevent acts of illegal retaliation against witnesses. Finally, the State's
28 | motion argues a protective order is required to protect attorney-client privilege communications that

3

1  Mr. De Jesus may have knowledge of in this case. The State asks that if the court allows Mr. De Jesus'
2  deposition, a protective order should enter precluding him from testifying regarding conversations or
3  correspondence he had with members of NERC's staff or the attorney general's office because the
4  holder of the privilege, NERC, does not consent to disclosure or waiver privilege "as it pertains to
5  confidential matters."

6                                           **DISCUSSION**

7          Fed. R. Civ. P. 26(c) permits the court to issue a protective order when the parties seeking the
8  order establishes "good cause" for the order and "justice requires [a protective order] to protect a party
9  or person from annoyance, embarrassment, oppression, or undue burden or expense . . . " The burden of
10 persuasion under Fed. R. Civ. P. 26(c) is on the party seeking the protective order. Cipollone v. Ligget
11 Group, Inc., 785 F.2d 1108, 1121 (3d Cir. 1986). In order to meet that burden of persuasion, the party
12 seeking the protective order must show good cause by demonstrating a particular need for the protection
13 sought. Id. Rule 26(c) requires more than "broad allegations of harm, unsubstantiated by specific
14 examples or articulated reasoning." Id. The party seeking the order must point to specific facts that
15 support the request, "as opposed to conclusory or speculative statements about the need for a protective
16 order and the harm which will be suffered without one. Frideres v. Schilts, 150 F.R.D. 153, 156 (S.D.
17 Iowa 1993), citing Brittain v. Stroh Brewing Company, 136 F.R.D. 408 (M.D.N.C. 1991). A mere
18 showing that the discovery may involve some inconvenience or expense does not suffice to establish
19 good cause under Rule 26(c). Turner Broadcasting System, Inc. v. Tracinda Corporation, 175 F.R.D.
20 554, 556 (D. Nev. 1997). As a general rule, courts will not grant protective orders that prohibit the
21 taking of deposition testimony. See, Medlin v. Andrew, 113 F.R.D. 650 (M.D.N.C. 1987); Salter v.
22 Upjohn Co., 593 F.2d 649 (5th Cir. 1979); In Re McCorhill Publishing, Inc., 91 B.R. 223 (Bankr.
23 S.D.N.Y. 1988); 8 Wright and Miller Federal Practice and Procedure, § 2037 (1986 Supp.).

24         During oral argument, counsel for plaintiff represented that he obtained the March 6, 2003,
25 memo authored by Mr. De Jesus and other documents approximately one year ago after serving NERC
26 with a subpoena for the file in this matter. Counsel for defendant acknowledged that he also
27 subpoenaed the NERC file in this case a number of months ago and obtained Mr. De Jesus' March 6,
28 2003, memo and other voluminous records. Notwithstanding that counsel for defendant received and

                                                    4

1   reviewed documents which, in his view, are confidential and should not have been disclosed pursuant

2   to the provisions of N.R.S. 233.190, he has not returned any documents he argues are privileged or

3   confidential to NERC. Counsel for defendant could not state whether NERC produced documents

4   covered by the attorney-client privilege in response to the subpoena he served.

5          Counsel for NERC advised the court that it was his understanding that a two-step process is

6   used to review subpoenas and respond to them to ensure that no privileged or confidential documents

7   are turned over in discovery. Counsel for the State did not know if that process was followed in this

8   case and was unable to state what documents were turned over to either of the parties in this case.  He

9   argued that if any documents now asserted to be confidential and/or privileged were produced, the

10  production was inadvertent and the privilege should, therefore, be preserved.

11         Defendant argues that N.R.S. 233.190 creates a privilege prohibiting disclosure of confidential

12  investigative reports. N.R.S. 233.190(1) provides, "[E]xcept as otherwise provided in this section, any

13  information gathered by the Commission in the course of its investigation of an alleged unlawful

14  discriminatory fact . . . is confidential." However, subsection 3 provides:

15                Except as otherwise provided in subsection 4, the Commission **shall**

16                **disclose** information gathered pursuant to subsection 1 to the complainant

17                and the party against whom the unlawful discriminatory practice is

18                alleged if:

19                      (a) . . .

20                      (b) The Commission has determined to conduct a hearing . . . **or**

21                      **an action has been filed in court concerning the complaint.**

22  N.R.S. 233.190(3)(b) (emphasis added).  Subsection 4(b) prohibits disclosures of "investigative notes

23  or reports made by the Commission."

24         Defendant argues the court should enter a protective order precluding the deposition of Mr. De

25  Jesus from going forward because either everything he has to say is privileged and confidential, or

26  nothing he has to say is admissible in evidence. Additionally, defendant argues that it would be

27  prejudiced if the court allows this deposition because NERC will oppose any defense efforts to

28  / / /

5

1  subpoena supervisors of Mr. De Jesus to impeach testimony he is anticipated to offer which seems to

2  contradict his finding as the NERC investigator of no probable cause.

3         Fed. R. Civ. P. 26(b)(1) permits discovery regarding any matter, not privileged relevant to a

4  claim or defense, including the existence and location of documents, tangible items, and the identity

5  and location of persons having knowledge of any discoverable matter. "Relevant information need not

6  be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of

7  admissible evidence." Fed. R. Civ. P. 26(b)(1). The motion for protective order must be decided on the

8  basis of the scope of discovery permitted by the Rule, not whether Mr. De Jesus can offer any

9  admissible testimony at trial. However, the Ninth Circuit has held that some agency findings are

10  admissible.

11         In Plummer v. Western Int'l., Co., 656 F.2d 502, 504 (9th Cir. 1991), the Ninth Circuit held it

12  was reversible error for the district court to exclude an EEOC probable cause determination from a

13  Title VII trial. The Ninth Circuit has held that the probative nature of the EEOC probable cause

14  determination far outweighs the prejudicial effect it may have on a jury. Heyne v. Caruso, 69 F.3d

15  1475, 1483 (9th Cir. 1995). In Plummer, the Ninth Circuit recognized that "while prior administrative

16  determinations are not binding, they are admissible evidence." Plummer, 656 F.2d at 504. The Heyne

17  decision held "the Plummer ruling is not restricted solely to EEOC findings of probable cause but

18  extends to similar administrative determinations including NERC findings." Heyne, Id. Thus, the

19  Ninth Circuit held the district court committed reversible error by excluding the NERC finding of

20  probable cause from evidence.

21         In Beachy v. Boise Cascade Corp., 191 F.3d 1010, 1015 (9th Cir. 1999), the Ninth Circuit held,

22               that an agency's determination that insufficient facts exist to continue an

23               investigation is not per se admissible in the same manner as an agency's

24               determination of probable cause. Whereas the latter type of

25               determination indicates only that there is probable cause to believe a

26               violation has occurred, the former type of determination in effect

27               constitutes a finding of no probable cause and terminates the agency's

28               inquiry. In this sense, a determination of insufficient facts is a final ruling

6

| | |
|---|---|
| 1 | by the agency.  There is a much greater risk of unfair prejudice involved |
| 2 | in introducing a final agency ruling as opposed to a probable cause |
| 3 | determination, because a jury might find it difficult to evaluate |
| 4 | independently evidence of discrimination after being informed of the |
| 5 | investigating agency's final results.  (Citations omitted).  Accordingly, we |
| 6 | have held that a district court asked to admit an agency's letter of |
| 7 | violation must weigh the letter's prejudicial effect against its probative |
| 8 | value pursuant to Rule 403.  (Citation omitted).  We conclude that the |
| 9 | same rule should apply when a district court is asked to admit an agency's |
| 10 | determination that insufficient facts exist to continue an investigation. |

11   Beachy v. Boise Cascade Corp.,191 F.3d 1010, 1015

12        The NERC investigative notes and reports are clearly confidential and privileged pursuant to the

13   provisions of N.R.S. 233.190(4)(b) unless the holder of the privilege, NERC, waived the privilege by

14   producing them.  It is undisputed that NERC has produced its investigative file in this case to counsel

15   for both parties on two different occasions.  Counsel for the State did not know what documents had

16   been produced in discovery to both parties, and stated only that if the investigative notes and reports

17   were turned over, their production was "inadvertent" and their confidential status should, therefore, be

18   maintained.

19        The Ninth Circuit has held that it is reversible error to exclude an EEOC or NERC probable

20   cause determination from evidence, and that the trial court must weigh the probative value of other

21   findings by the agency against their prejudicial effect under Rule 403.  Whether plaintiff can adduce

22   admissible evidence from the deposition testimony of Mr. De Jesus, however, is not before the court.

23   Rather, defendant and the State of Nevada seek to preclude the deposition from going forward at all.

24   The court finds the defendant and the State of Nevada have not met their burden of establishing that

25   justice requires a protective order to protect either the defendant or the State from annoyance,

26   embarrassment, oppression, or undue burden or expense.  The March 6, 2003, memo authored by Mr.

27   De Jesus which was produced by NERC, concluded there was a great deal of circumstantial evidence

28   and direct information that plaintiff was sexually and/or otherwise harassed.  Accordingly, it is likely

7

1 Mr. De Jesus has information relevant to the plaintiff's claims or the defendant's defense, including the

2 identity and location of persons having knowledge of any discoverable matter.

3 While N.R.S. 233.190(4)(b) creates a privilege against disclosure of certain categories of

4 information, subsection 3(b) requires disclosure of other categories of information when an action has

5 been filed in court. Thus, although the court finds the defendant and State of Nevada have not met their

6 burden under Rule 26(c) to preclude the deposition of Mr. De Jesus from going forward, the court will

7 enter a protective order precluding Mr. De Jesus from disclosing those matters which the statute deems

8 confidential. The court will also prohibit Mr. De Jesus from disclosing any attorney-client privileged

9 communications he may have had while employed by NERC, and allow counsel for the State to attend

10 the deposition to assert and preserve the privilege. In denying the motion for protective order, the court

11 expresses no opinion about whether Mr. De Jesus can offer any admissible evidence at the time of trial,

12 as this is a decision better reserved for the trial judge after the record is fully developed.

13 Having reviewed and considered the matter, and for good cause shown,

14 **IT IS ORDERED** defendant's Motion for Protective Order (#21), and the State of Nevada's

15 Motion for Protective Order (#26) are granted in part and denied in part.

16     1.     The motions are GRANTED to the extent Mr. De Jesus may not disclose

17         (a)     information obtained during negotiations for settlement or attempts at mediating

18              or conciliating the complaint;

19         (b)     investigative notes or reports made by the Commission;

20         (c)     information used to identify a person who provided information to the

21              Commission who requested anonymity; or

22         (d)     Attorney-client privileged communications.

23     2.     The motions are DENIED in all other respects.

24     3.     Counsel for the NERC may attend the deposition to assert and preserve the attorney-

25         client privilege.

26 Dated this 6th day of May, 2005.

27                                         PEGGY A. LEEN

28                                         UNITED STATES MAGISTRATE JUDGE

Recycled   Stock # EXA-10-B

Legal Tabs Co. 1-800-322-3022



STATE OF NEVADA

DEPARTMENT OF EMPLOYMENT, TRAINING AND REHABILITATION

## EQUAL RIGHTS COMMISSION

1515 E. Tropicana Avenue, Suite 590

Las Vegas, Nevada   89119

Telephone (702) 486-7161  •  Fax (702) 486-7054

www.nvdetr.org

detrnerc@nvdetr.org

MYLA C. FLORENCE
*Director*

KENNY C. GUINN
*Governor*

LYNDA FARVEN
*Administrator*

July 15, 2003

Ms. Reina I Suarez
3609 Hudson Bay Ave.
Las Vegas, NV  9110

Re:  Suarez vs Sam's Town Hotel & Gambling Hall
　　 NERC # 0311-99-170L   EEOC # 34B990405

Dear Ms. Suarez:

This is a pre-determination letter advising you that after thorough review of all the information presented, your allegations of discrimination cannot be substantiated. The Nevada Equal Rights Commission (NERC) has been unable to find sufficient evidence to prove a violation of the law it enforces.

A recommendation of No Probable Cause will be submitted to the Administrator. This finding may be revised based upon additional information submitted after you receive this letter or upon further review by the Administrator.

The statement listed below may not represent all of the information that has been considered. They are a summary of the major points on which the No Probable Cause recommendation is based. Please read the statements carefully and contact me immediately if you have any additional relevant information that should be considered. Any additional information must be submitted to the Commission by July 30, 2003. Your case will then be submitted to the NERC Administrator for formal closure.

### *Basis for Closure Recommendation*

Prior to addressing or discussing the specifics of your case, let me first state the NERC's legal position as it relates to investigating and analyzing complaints of discrimination. NERC is a neutral, fact-finding agency. We do not represent you or the employer in the course of our investigation. The fact that your complaint was accepted does not mean that you have a good case, it simply means that you provided enough information at the initial interview to meet the legal standards to file a Charge of Discrimination.

(NSPO Rev. 5-03)

The investigation must uncover sufficient evidence to prove that the incidents, conduct or acts of harm that were alleged in your Charge of Discrimination, are a violation of the law within the jurisdiction of NERC. The legal standard for establishing proof of an allegation, fact or assertion, is that the preponderance of the information supports your conclusion. In situations where the evidence does not support either side, or is insufficient to establish a fact or event (for example, your word against theirs) the legal burden has not been met.

In order for you to have established a violation of harassment, sexual harassment, constructive discharge or retaliation, the evidence must have shown the following order of proof:

**Sexual Harassment:**
1) Charging Party was subjected to unwelcome physical advances, comments of a sexual nature or a sexually tainted work environment;
   **You have alleged that numerous inappropriate propositions and comments were made to you.**
2) Charging Party objected to the advances, or the comments, or to the tainted work atmosphere;
   **You objected to the alleged propositions and comments.**
3) When the advances, comments, or tainted atmosphere remained, Charging Party reported the situation to Respondent's management; and
   **On September 24, 1998 you reported these actions to Mr. Fleitas, Ms. Gerstrung and Ms. Sheree Cunningham of Human Resources. (The Commission has jurisdiction to go back only to incidents that occurred after July 1998).**
4) Respondent although aware of the sexual harassment, made no good faith effort to correct the conditions.
   **When you complained of the harassment, an investigation was conducted and in several instances, misconduct was found and the employees were disciplined. The Respondent took measures to educate its employees about such behavior and repeatedly told employees such conduct would not be tolerated. The Respondent also provided several postings concerning sexual harassment that were placed in the workplace in both English and Spanish.**

   **The Respondent has provided the Commission with various witness statements that deny that the comments you alleged in the charge were made, disputing your allegations. Only a few of the comments could be corroborated. This means there has been no evidence provided to the Commission to show that you were subjected to severe and pervasive comments therefore creating a hostile work environment.**

**Constructive Discharge:**
1) Charging Party belongs to a protected class
   **You belong to the protected class of the female gender and the Hispanic race.**
2) Charging Party was subjected to an unlawful practice under the statute
   **You alleged that you were being sexually harassed.**
3) Charging Party protested the unlawful actions or Respondent management was already aware of the actions
   **You complained to supervisors and Human Resources.**
4) Respondent cannot explain the difference in treatment or Respondent's explanation is in fact pretext for discrimination.
   **When you complained of the harassment, an investigation was conducted and in several instances, misconduct was found and the employees were disciplined. The Respondent took measures to educate its employees about such behavior and repeatedly told employees such conduct would not be tolerated. The Respondent also provided several postings concerning sexual harassment that were placed in the workplace in both English and Spanish.**

   **In addition, the Respondent also found a restaurant for you to transfer. It had a comparable position to the position you currently held, but you stated to Ms. Cunningham and Cindy Akino that you "were not going to move any place else". That you would "just quit". You would have had seniority in this new position, to bump other workers and advance, but you chose to "quit" instead.**

**Retaliation:**
1) Whether the Charging Party opposed any practice made unlawful by Title VII, ADEA or EAP, or participated in any manner in an activity pursuant to Title VII, ADEA or EPA;
   **You engaged in a protected activity by opposing what you believed were discriminatory practices and filing charges against them.**
2) Whether the alleged retaliator knew or should have known of this opposition or participation;
   **You had informed the Human Resources of your allegations and the investigation into your allegations had already been done. They were well aware of your opposition.**
3) Whether an adverse action was taken against the Charging Party subsequent to his/her taking a protected EEO action;
   **You "quit" your job after you informed the Human Resources about allegations of sexual harassment. The Respondent had offered you another job so the Commission does not consider your "quitting" and adverse action by the Respondent.**

4) Whether there was a causal connection between the opposition or participation and the employment decision;
**The Respondent did not make the decision for you to leave their employ. It was a decision you made so there is no connection between your alleged harassment and any decision by the Respondent.**

5) Whether there was a legitimate non-discriminatory reason for the employment action;
**You chose to "quit". The Respondent played no part in the employment decision.**

6) Whether the articulated reason was a pretext for retaliatory discrimination.
**Papa Mios Restaurant was closing. All the positions at Papa Mios were eliminated. There was another place with a comparable position that you could have been transferred. The job was offered to you and you had the seniority to bump other workers. This was a legitimate job offer and was not intended as an act of retaliation because you complained of sexual harassment.**

**The Respondent has provided documentation to the Commission to show that each time you complained, an investigation was conducted and in several instances, misconduct was found and the employees were disciplined. In addition, the Respondent took measures to educate its employees about such behavior and repeatedly told employees that such conduct would not be tolerated.**

**Only a few of the comments you alleged in your charge were corroborated. As such, you were unable to establish that you were subjected to severe and pervasive comments which created a hostile work environment. Further, as a result of your complaints, the Respondent investigated the complaints and took remedial action.**

**While you alleged that the harassment continued despite these measures, you were unable to provide any corroboration for these allegations. Instead, however, the Respondent has provided numerous statements from coworkers denying any such harassment.**

**Lastly, you alleged that you were forced to resign due to the harassment. However, inasmuch as you were unable to substantiate the harassment, you are unable to substantiate that such harassment forced you to leave your job.**

You have fifteen (15) calendar days from the date of this letter to submit in writing, any additional information that will raise a genuine issue of material fact that will change this recommendation. The additional information may be in the form of additional witness statements or any other documents you consider necessary to support your position. Should this information, if submitted, arrive after the deadline given, it will automatically be entered into your case file.

Thank you for your patience and cooperation given to NERC while your case was being brought to resolution. If you have any questions, please contact me at (702) 486-7161.

Sincerely,

Jose DeJesus
Compliance Investigator II



STATE OF NEVADA
DEPARTMENT OF EMPLOYMENT, TRAINING AND REHABILITATION
EQUAL RIGHTS COMMISSION
1515 E. Tropicana Avenue, Suite 590
Las Vegas, Nevada 89119
Telephone (702) 486-7161 • Fax (702) 486-7054
www.nvdetr.org
detrnerc@nvdetr.org

KENNY C. GUINN
*Governor*

MYLA C. FLORENCE
*Director*

LYNDA PARVEN
*Administrator*

July 31, 2003

Reina Suarez
3609 Hudson Bay Ave
Las Vegas, NV 89110

Certified Receipt No. 7001 1140 0002 4248 2963

RE:   Reina Suarez  vs  Sam's Town Hotel & Gambling Hall
      NERC No. 0311 99 170L   EEOC No. 34B990405

Dear Ms Suarez:

The Nevada Equal Rights Commission has completed the investigation of your complaint. The Commission carefully reviewed and analyzed the evidence you submitted, evidence from the employer, and evidence obtained by independent investigation. This evidence did not meet the legal criteria for establishing that discriminatory acts occurred and we have, therefore, closed the case.

In arriving at this decision, the Commission has made no determination about any other aspect of this case nor has the Commission endorsed or approved any of the actions of the employer.

You have the right to appeal the decision by requesting a petition for reconsideration by this agency. Such a request to the Nevada Equal Rights Commission must be in writing, notarized, state the specific grounds for the request, and must reach the Nevada Equal Rights Commission within fifteen days from the date of this letter. This time frame will be strictly observed

You may also have the right to pursue your charge in court under NRS 613.420 and/or applicable federal law(s). Time limits for filing a legal action are controlled by law and you should consult with an attorney for specific advice in your case.

Sincerely,

Jose DeJesus
Compliance Investigator II

JDJ/jam

SPO Rev. 5-03)

(O) 603

Recycled ♻ Stock # EXA-10-B

Recycled   Stock # EXA-10-B

Legal Tabs Co. 1-800-322-3022

-12-03   12:49pm   From-XXXXlXXX/x.   +111   T-879   P.01/03   F-847

+111

TAT_T   CON   T-879   P.02/03   F-847

3609 Hudson Bay Ave.
Las Vegas, Nevada 8110

August 7, 2003

Equal Employment Opportunity Commission
255 East Temple Street 4th Floor
Los Angeles, California 90012

RE: Reina Suarez vs Sam's Town Hotel & Gambling
     NERC No. 031199170L
     EEOC No. 34B990405

Dear EEOC:

I am appealing your decision and request a petition for reconsideration by your agency.  Under Section 1601.76, I am requesting that you conduct a Substantial Weight Review of NERC's findings.  I am requesting this appeal based upon these specific grounds:

1.  Sexual harassment is against the law.
2.  I have suffered violent sexual harassment from the employees at Sam's Town.
3.  I endured retaliation from employees, supervisors, and Human Resources at Sam's Town as a result of my reporting the continuous sexual/discrimination harassment.
4.  This retaliation not only occurred before, but also during the EEOC investigation.
5.  The sexual harassment continued and did not cease even after I reported it in written format to my supervisors and to Human Resources.
6.  Human Resources and my supervisors participated in this sexual/discrimination harassment.
7.  You have documents from the State of Nevada Department of Employment, Training, and Rehabilitation stating that Sam's Town did nothing to discontinue the sexual harassment.
8.  You have documents from the court upholding the findings of the State of Nevada Department of Employment, Training, and Rehabilitation.
9.  The Human Resources did not check the monitors upon receiving

my complaints of sexual/discrimination harassment nor did they at anytime monitor the behaviors of the people committing this harassment.

10. I do not feel that you have thoroughly reviewed my numerous pages of documentation which explicitly describe through drawings and written format, the extensive, violent sexual harassment that I endured while employed at Sam' Town.

11. I do not feel that you have reviewed the written statements made by my witnesses in which the names of several of the people responsible for this harassment are stated.

10. I am dissatisfied with your findings as all statements to the charges reflect only the statements made by Sam's Town. There is no reference to any of my documentation.

I am requesting notification within 15 days of receipt of this letter as to the status and time frame for this Substantial Weight Review. Thank you for your time in this matter.

Sincerely,

Reina I. Suarez

cc: State of Nevada Equal Rights Commission

*Cammae Klaumenzer* 8.8.03

CAMMAE KLAUMENZER
NOTARY PUBLIC
STATE OF NEVADA
APPT. No 93-0542-1
MY APPT EXPIRES JULY 7, 2004

Recycled   Stock # EXA-10-B

Stock # EXA-10-B   Recycled   Legal Tabs Co. 1-800-322-3022



STATE OF NEVADA

DEPARTMENT OF EMPLOYMENT, TRAINING AND REHABILITATION

**EQUAL RIGHTS COMMISSION**

1515 E. Tropicana Avenue, Suite 590

Las Vegas, Nevada 89119

Telephone (702) 486-7161 • Fax (702) 486-7054

www.nvdetr.org

detrnerc@nvdetr.org

KENNY C. GUINN
*Governor*

MYLA C. FLORENCE
*Director*

LYNDA PARVEN
*Administrator*

August 18, 2003

Reina I. Suarez
3609 Hudson Bay Avenue
Las Vegas, NV 89110

RE:   Reina I. Suarez  vs  Sam's Town Hotel & Gambling Hall
      NERC No. 0311-99-170L    EEOC No. 34B990405

Dear Ms. Suarez:

The Nevada Equal Rights Commission (NERC) is in receipt of your petition for reconsideration dated August 7, 2003 (pursuant to NAC 233.090). Your NERC file was forwarded to me for review. A careful and in-depth review of the case file was conducted and all relevant material considered.

This is to inform you that I concur with the Compliance Investigator's conclusion that there is insufficient evidence to sustain and substantiate your charge of discrimination in your case(s). For your information, your entire case file will be forwarded to the federal Equal Employment Opportunity Commission (EEOC), Los Angeles District Office, for their review.

Please be advised that the NERC's adverse determination does not preclude you from filing a lawsuit in state court pursuant to Nevada Revised Statutes (NRS) 613.420.

Section 612.420 of the Nevada Revised Statutes provides in part: "Application to district court for order to restore rights after unfavorable decision by Nevada Equal Rights Commission. If the Nevada Equal Rights Commission does not conclude that an unfair employment practice . . . has occurred, any person alleging such a practice may apply to the district court for an order granting or restoring to that person the rights to which he is entitled. . . ."

If you have any further questions regarding your case, you should consult with a private attorney for specific legal advice.

Sincerely,

Lynda Parven
Administrator

lp/saa

(NSPO Rev. 5-03)                                                                                    (O) 603

Legal Tabs Co. 1-800-322-3022

Recycled   Stock # EXA-10-B

Recycled   Stock # EXA-10-B

Legal Tabs Co. 1-800-322-3022

APR. 5. 2005  9:27PM                                                                NO. 7051   P. 2

EEOC Form 161 (3/98)          U      QUAL EMPLOYMENT OPPORTUNITY COM      SION

## DISMISSAL AND NOTICE OF RIGHTS

| To: Reina I. Suarez | From: Los Angeles District Office |
|---|---|
| 3609 Hudson Bay Ave. | 255 E Temple Street |
| Las Vegas, NV 89110 | 4th Floor |
| | Los Angeles, CA 90012 |

**RECEIVED**

**SEP 1 6 2003**

☐  On behalf of person(s) aggrieved whose identity is
   CONFIDENTIAL (29 CFR § 1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 34B-1999-00405 | Legal Officer of the Day | (213) 894-1000 |

## THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐  The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐  Your allegations did not involve a disability as defined by the Americans with Disabilities Act.

☐  The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐  Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

☐  Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

☐  While reasonable efforts were made to locate you, we were not able to do so.

☐  You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

☐  The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☒  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐  Other (briefly state)

## - NOTICE OF SUIT RIGHTS -

*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this Notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

**Olophius E. Perry,**
**District Director**

September 12, 2003

*(Date Mailed)*

Enclosure(s)

cc:

Executive Officer, on behalf of
Sam's Town Hotel & Gambling Hall
5111 Boulder Highway
Las Vegas, NV  89122

Stock # EXA-10-B   Recycled

Legal Tabs Co 1-800-322-3022

1

1  UNITED STATES DISTRICT COURT

2  DISTRICT OF NEVADA

3

REINA SUAREZ,                          )
4                                       )
        Plaintiff,                      )
5                                       )
        vs.                             ) CASE NO.
6                                       ) CV-S-03-1557-LDG
CALIFORNIA HOTEL AND CASINO, a         ) PAL
7  Nevada corporation, d/b/a SAM'S      )
   TOWN HOTEL, GAMBLING HALL &          )
8  BOWLING CENTER, ROE Corporations     )
   I-X, inclusive, and DOES I-X,        )
9  inclusive,                           )
                                        )
10      Defendants.                     )
   _____)
11

12

13

14                   VOLUME I

15          DEPOSITION OF REINA SUAREZ

16          - Through an Interpreter -

17      Taken on Wednesday, April 6, 2005

18          At 11:10 o'clock a.m.

19      At 6970 O'Bannon Drive, Building 2

20              Las Vegas, Nevada

21

22

23

24

25  REPORTED BY:  JENNIFER MARIE ROLAND, CCR #293

Certified Copy

123

1    them?

2         A.    (Through Interpreter) The drawings stated to

3    show that they were making gestures to me.

4         Q.    Okay.  Well, let me see if I understand that.

5    You actually drew some pictures to show what people

6    were gesturing?

7         A.    Yes, sir.

8         Q.    And that's what you're talking about?

9         A.    Yes.

10        Q.    And your answer is yes?

11        A.    Yes, sir.

12        Q.    Well, that's not considered to be

13   corroborating evidence.  Corroborating evidence means

14   evidence aside from something you drew or you said or

15   you did that will support your case.

16             So now I am going to ask you the question

17   again.  Do you have any evidence, corroborating

18   evidence, that would support your case?

19        A.    My statements.

20        Q.    Your own statements.

21        A.    The statement I give to Sheree Cunningham and

22   general manager complaining with supervisors.  It's not

23   enough?

24        Q.    Those are all statements from you.  I'm

25   talking about is there anything else besides your own

124

1   statements that would support all of the allegations

2   that you've made in this lawsuit?

3          A.    I do not remember at this time.

4                MR. MOORE:  Other than what she's testified

5   to today?  I think there was something about a tape

6   recording earlier.

7                MR. GUGINO:  Well, is that you testifying or

8   her?

9                MR. MOORE:  No.  We're -- off the record.

10               (A discussion was held off the record.)

11               MR. GUGINO:  Now we've got Exhibit CC.

12               **(Exhibit CC was marked)**

13  BY MR. GUGINO:

14         Q.    Have you had a chance to look at that letter?

15         A.    Um-hmm.

16         Q.    Do you recall receiving this letter?

17         A.    Yes, sir.

18         Q.    And for the record, is this a letter from the

19  Nevada Equal Rights Commission to you signed by Jose

20  DeJesus involving your case?

21         A.    Yes, sir.

22         Q.    And I note the first paragraph here, and it

23  states the Nevada Equal Rights Commission has completed

24  the investigation of your complaint, the commission

25  carefully reviewed and analyzed the evidence you

Recycled   Stock # EXA-10-B

Legal Tabs Co. 1-800-322-3022

**AFFIDAVIT OF SALVATORE C. GUGINO, ESQ.**

STATE OF NEVADA )
                )   ss
COUNTY OF CLARK )

SALVATORE C. GUGINO, ESQ. being first duly sworn upon oath, deposes and says:

1.      That your Affiant is an attorney, licensed to practice in the State of Nevada, and in the U.S. District Court for the District of Nevada, as well as the Ninth Circuit Court of Appeals, and am fully familiar with the facts and circumstances of the instant action involving Plaintiff REINA IRIS SUAREZ ("SUAREZ") and Defendant CALIFORNIA HOTEL & CASINO dba SAM'S TOWN HOTEL, GAMBLING HALL & BOWLING CENTER ("SAM'S TOWN"), bearing case number CV-S-03-1557-LDG-PAL;

2.      That Plaintiff SUAREZ has noticed the deposition of Jose L. De Jesus, former Compliance Investigator II at the Nevada Equal Rights Commission for 10:00 a.m. on the 20th day of May, 2005;

3.      That it is believed that Plaintiff SUAREZ is taking said deposition with the understanding that Mr. De Jesus will testify to the *opposite* of the same "no probable cause" findings he signed on July 15, 2003 in a pre-determination letter and on May 13, 2003 in a determination letter on behalf of the Nevada Equal Rights Commission ("NERC"), in which Mr. De Jesus advised Ms. SUAREZ that: *"This evidence did not meet the legal criteria for establishing that discriminatory acts occurred..."*

4.      That it is further believed that the information being sought by Plaintiff, particularly any confidential investigative notes or reports made by Mr. De Jesus during the course of his investigation, are privileged from production pursuant to NRS 233.190, and are otherwise inadmissible at the time of trial;

5.      That your Affiant has been advised by Susan Gray, Administrator for the NERC, that Mr. DeJesus, as a retired investigator of the NERC, does not have the authority to waive the privilege for the Agency under this statute by testifying about the contents of, or producing such confidential documents;

GUGINO LAW FIRM, CHTD.
6970 O'BANNON DR., BLDG 2
LAS VEGAS, NEVADA 89117
PHONE (702) 385-3801  FAX (702) 385-3015

5.     That any potential *contrary* conclusions or opinions that Mr. De Jesus may make in deposition about the ultimate findings of the NERC and the EEOC would be based in large part upon his confidential investigative reports and notes and would require him to breach the confidentiality requirements of the NERC and NRS 233.190;

6.     That Ms. Gray, on behalf of the NERC, has advised your Affiant that the NERC is opposed to the production of the confidential investigative report and notes; that its former investigator, Mr. De Jesus, may not waive any privileges on behalf of the NERC; and that it is further opposed to Mr. De Jesus' deposition for purposes of testifying about confidential records and reports; and

7.     That the movant has in good faith conferred or attempted to confer with Plaintiff's counsel in an effort to resolve the dispute without court action, and for good cause shown, this Honorable Court should enter a Protective Order, as justice requires, to protect Defendant from disclosure or discovery which should not be had.

FURTHER, YOUR AFFIANT SAYETH NAUGHT.

_____
SALVATORE C. GUGINO, ESQ.

Subscribed and Sworn to before me
this ____ day of April, 2005.

_____
NOTARY PUBLIC, in and for said
County and State



Notary Public State Of Nevada
COUNTY OF CLARK
DONNA J. JACKS
My Appointment Expires
May 22, 2008
No. 99-62466-1

GUGINO LAW FIRM, CHTD.
6970 O'BANNON DR., BLDG 2
LAS VEGAS, NEVADA 89117
PHONE (702) 385-3801   FAX (702) 385-3015